A. H. KETCHUM, plaintiff in error, *vs.* D. B. VERDELL, defendant in error.

An action was brought by K. against V. to recover the value of one hundred bushels of corn, and on the trial it was proved that, in the latter part of the year 1866, V., who resided in Elbert county, wrote to Tate, in the city of Augusta, one of the firm of McCalla, Tate & Company, who were engaged in the produce and commission business, "to send me (him) two hundred bushels of corn, and when I come down you and I will arrange, or settle it." It appears from the evidence in the record, that Tate, or the firm of which he was a partner, did not have the corn, but Tate went to the house of the plaintiff and made an arrangement with him to send V. one hundred bushels of corn on V.'s credit, which was done, and the corn was charged to V. on the books of plaintiff. The corn was sent to V. by boat, and accompanying the corn was a bill made out against V., the defendant, therefor, in favor of McCalla, Tate & Company, which was delivered to him when he received the corn. It also appears that the plaintiff had sued McCalla, Tate & Company for the corn, and failed to recover, but on what ground, the record does not show. The plaintiff then sued defendant, V., for the corn. On the trial, several witnesses were examined, and

it was proved to be the custom of commission merchants, when orders were received from customers, to go to merchants and purchase the articles ordered, and have the same charged to the commission merchant, and the commission merchant charged the articles to the party ordering. The Court charged the jury that it was *doubtful* whether the order of the defendant made Tate his agent to purchase the corn.

*Held,* That under the order sent by defendant to Tate, he had the authority to purchase the corn, and to charge the defendant with the price thereof, and make the defendant *his* debtor therefor, but did not have the authority to authorize the plaintiff to sell the defendant corn, and thereby make the defendant *the plaintiff's debtor* for the corn. If the defendant received the corn and used it, with a full knowledge of all the facts, that would have been a ratification of the transaction, and the defendant would be liable to pay the plaintiff for the corn.

*Held, again,* That the bill for the corn, accompanying the shipment thereof, was properly admitted in evidence on the trial.

*Held, also,* That it was error in the Court, in its charge to the jury, to express or intimate its opinion as to the evidence in the case, under the provisions of the 3183d section of the Code, and in not charging the jury as to the ratification by defendant of the sale of the corn by plaintiff to defendant on his credit, under the evidence contained in the record.

Assumpsit. Agency. Before Judge ANDREWS. Elbert Superior Court. September Term, 1869.

Ketchum sued Verdell for the value of certain corn and sacks shipped to him in December, 1866. The only dispute was as to whether Verdell owed Ketchum. The evidence was, that Verdell wrote to Tate, one of the firm of Tate, McCalla & Company, commission and produce merchants, "Please send me two hundred bushels of corn, and when I come down you and I will arrange, or settle it." Tate, McCalla & Company did not have the corn, and Tate went into Ketchum's, next door, to get it. Upon his statement that Verdell was responsible, Ketchum agreed to send the corn. He put it up in sacks, marked, "From A. H. Ketchum, Augusta, Ga.," and shipped it. With the corn was forwarded a bill in favor of Tate, McCalla & Company, against the defendant, on which was a request for immediate return of the sacks. Who made out and forwarded this bill did

not appear, but it was shown that Tate requested Ketchum to send in his bill to Tate's firm. On Ketchum's books the corn was charged to Verdell. The sacks were returned to Ketchum, but whether by Verdell or through Tate or his firm, did not appear. When the money was due, Ketchum wrote Verdell for the same, but he did not pay it. He called on Tate, McCalla & Company, to know if Verdell had sent the money, and finally asked the firm to pay, but McCalla said the firm was not liable for the corn. Ketchum sued Tate for it, but, for some reason not disclosed, he did not recover. He then sued Verdell. It was shown that commission merchants frequently bought goods for and on account of their country customers; that, if they were selling the farmer's produce, the commission merchants generally paid out of its proceeds for purchases made on account of the farmer; that the custom was, for the goods so bought to be charged to the purchaser, who charged them to the person ordering the goods, unless the solvency of the customer was doubtful, then a special contract was made. The clerk of Ketchum testified that the negotiation was between Tate and himself, that he would not have credited Tate, nor would credit Verdell till he learned he was good. Nothing else pertinent appeared. The Court charged the jury as shown in the motion for a new trial, and the jury found for the defendant.

Ketchum moved for a new trial, because the verdict was strongly and decidedly against the weight of the evidence and the law, and because the Court erred in charging the jury that the fact that the sacks were marked "from A. H. Ketchum, Augusta, Ga.," was not necessarily conclusive evidence that the corn belonged to or was shipped by Ketchum; that it was doubtful whether said order made Tate Verdell's agent to buy the corn, or whether, under the evidence, Tate was Verdell's agent for that purpose; and last, because the Court erred in admitting in evidence the account made out in favor of Tate, McCalla & Company against Verdell. The

Ketchum *vs.* Verdell.

refusal of a new trial is assigned as error, on each of said grounds.

J. D. MATTHEWS; H. A. ROEBUCK, for plaintiff in error, cited: Story on Con., 138; 1 Parsons on C., 43; 4 Wash. C. C. R., 551; 2d, 132; R. Code, secs. 2158, 2170; 10 Wend. R., 218; 6 Serg. & R., 146; Brightly's F. Dig., 39; 8 How. R., 408. As to construction of the letter.

TOOMBS & DUBOSE, for defendant.

WARNER, J.

The charge of the Court to the jury, "That it was *doubtful* whether the order of the defendant made Tate his agent to purchase the corn," was error, under the provisions of the 3183d section of the Code. According to the evidence in the case, as disclosed by the record, the Court should have charged the jury as to the ratification, by defendant, of the sale of the corn, by plaintiff to the defendant.

Let the judgment of the Court below be reversed.

LOCHRANE, C. J., concurred, he said, for different reasons, but furnished no opinion.

McCAY, J., concurring.

I am inclined to the opinion that the plaintiff is entitled to recover on the *contract*. The order is to be construed in the light of the known *status* of the parties, and it being, not a regular and deliberate power-of-attorney, but a mere letter, is to be freely construed: Story on Contracts, section 138. So, also, if it be not clear upon its face, but susceptible of two constructions and is acted upon, the rule is, that parties having, in good faith, been misled by the letter, will be protected: Story on Contracts, section 138; 4 Washington's Circuit Court Reports, 551; 2 Washington, 132.

Very clearly, from the proof, Tate acted under the impres-

sion that he had a right, under the order, to buy of the plaintiff on the defendant's credit, and, under these rules, the contract would be good. But this is an action, not on the contract, but for the value of the corn. Admit that Tate had no authority to buy on the defendant's credit, it is clear that he *did* so buy, and that plaintiff parted with his corn on the faith of Tate's representations. Suppose Tate had stolen the corn and sold it to the defendant, could not the plaintiff recover of the defendant its value, if he applied it to his own use?

As the facts here appear, this corn was *never* Tate's corn, nor that of the firm of which he was a member. Could he or the firm give the defendant any better title to it than they had themselves? Revised Code, section 2595. At the most it would be a title obtained by fraud, and voidable: Revised Code, section 2596. It is true, in cases under this last section, a *bona fide* purchaser, without notice, will be protected. But as the record discloses in this case, the defendant does not stand in that condition, because he had not yet paid the price of the corn to anybody. He cannot be hurt by having to pay the true owner, since he has not paid anybody, or by reason of his receipt of the corn from Tate, giving Tate credit

It seems to me monstrous, that defendant shall get plaintiff's corn and use it, and both Tate and his partner repudiating any right to recover, that plaintiff shall be turned off on a mere technicality. The general rule, as I understand it, is that when one professes to act as agent of another, even if he has no authority at all, and as such agent obtains goods which, in fact, go to the use and benefit of the principal, the seller may, at any time before the principal has settled with the pretended agent, notify the principal of the truth of the case and demand payment: *Central Bank vs. Merchants Bank of Macon*, 1 Kelly's Reports, and cases there cited. If the principal accepts the property, knowing all the facts, that is a ratification of the *agency;* but even if he knows

nothing of the facts, but accepts the property as sold him by *the agent*, yet if the agent was not in fact the true owner, and the seller so notifies the purchaser *before any settlement*, the right of action in the seller exists.